103 F.3d 142
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ernest Bernard MOORE, Defendant-Appellant.
 No. 95-10162.
 United States Court of Appeals, Ninth Circuit.
 Nov. 19, 1996.
 
 DISMISSED.
 Before: RONEY,* BEEZER, and TROTT, Circuit Judges.
 
 
 1
 ORDER**
 
 
 2
 Ernest Bernard Moore appeals the district court's order revoking his probation and sentencing him to an eight-year term of imprisonment for fraudulent credit card use. In this direct appeal, Moore seeks to set aside the guilty plea that led to his probation and suspended sentence. He argues that the district court violated Federal Rule of Criminal Procedure 11 by failing to inform him correctly regarding the maximum punishment he faced by pleading guilty.
 
 
 3
 Irrespective of the merits of Moore's claim, a direct appeal from a probation revocation hearing is not the proper avenue for collaterally attacking the underlying guilty plea. United States v. Simmons, 812 F.2d 561, 563 (9th Cir.1987). The defendant may collaterally attack the conviction only in a separate proceeding under 28 U.S.C. § 2255. Id. Accordingly, we dismiss this appeal.
 
 
 4
 DISMISSED.
 
 
 
 *
 The Honorable Paul H. Roney, Senior Circuit Judge for the Eleventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3